

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| PAUL ANDREW THOMPSON,<br>§ Petitioner,<br>§<br>vs. § CIVIL ACTION NO. 9:15-1725-MGL-BM<br>§<br>WARDEN OF FCI - WILLIAMSBURG, §<br>§ Respondent. | |

ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND DISMISSING THE ACTION WITH PREJUDICE
UNDER RULE 41(B) OF THE FEDERAL RULES OF CIVIL PROCEDURE

This case was filed as a 28 U.S.C. § 2241 action. Petitioner is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that this action be dismissed with prejudice in accordance with Rule 41(b) of the Federal Rules of Civil Procedure. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on September 23, 2015, but Petitioner failed to file any objections to the Report.[*] "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein. Therefore, it is the judgment of the Court that this action is **DISMISSED WITH PREJUDICE** in accordance with Rule 41(b) of the Federal Rules of Civil Procedure.

To the extent that Petitioner requests a certificate of appealability from this Court, that certificate is **DENIED**.

**IT IS SO ORDERED**.

Signed this 30th day of October, 2015, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

\*\*\*\*\*
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[*]This is because Petitioner failed to receive a copy of the Report. The Court notes that, on October 13, 2015, the Clerk filed a copy of the envelope in which Petitioner's Report was contained. The envelope is stamped: "RETURN TO SENDER[,] NOT DELIVERABLE AS ADDRESSED[,] UNABLE TO FORWARD." So, although the Court earlier informed Petitioner that his failure to notify the Court of any address change might result in his case being dismissed, ECF No. 5 at 3, it appears that he neglected to follow the Court's warning. Therefore, given the posture of the case, the Court is left with no other option but to dismiss the action.